**SO ORDERED.**

**SIGNED this 12 day of March, 2012.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

KAD, INCORPORATED,                              CHAPTER 11
                                                CASE NO. 11-08828-8-RDD

    DEBTOR

### ORDER

Pending before the Court is the Chapter 11 Plan of Reorganization (the "Plan") filed by KAD, Incorporated (the "Debtor") on February 29, 2012.

On November 17, 2011 the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). In the Chapter 11 petition, Debtor indicated it is a small business debtor as defined by 11 U.S.C. § 101(51D). The Court entered the Order to File Plan and Disclosure Statement and Notice of Status Conference on November 18, 2011 requiring the Debtor to file a plan and disclosure statement on or before February 15, 2012.

Pursuant to 11 U.S.C. § 1129(e), in a small business case, a plan shall be confirmed not later than forty-five days after it is filed, unless the time for confirmation is extended. In a Chapter 11

case, a disclosure statement complying with 11 U.S.C. § 1125 shall be filed with the plan. Fed. R. Bankr. P. 3016(b). If the debtor in the Chapter 11 case is a small business debtor, the court may determine the plan itself provides adequate information pursuant to § 1125 and a separate disclosure statement is not necessary. 11 U.S.C. § 1125(f)(1). However, "[i]f the plan is intended to provide adequate information under § 1125(f)(1), it shall be so designated." Fed. R. Bankr. P. 3016(b). Adequate information means:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor; any successor to the debtor; and a hypothetical investor typical of the holders of claims or interest in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a)(1).

The Debtor did not file a disclosure statement with the Plan. The Plan does not contain adequate information under § 1125 as if the Plan were intended to also serve as a statement. The Plan states the "Debtor intends to satisfy certain creditor claims from funds on hand, income earned and the potential sale of certain assets." Plan of Reorganization at 1, *In re KAD Incorporated*, No. 11-08828-8-RDD (Bankr. E.D.N.C. Feb. 29, 2012). However, the Plan includes no accounting of funds on hand, projections of income to be earned, or itemization of assets. Nor does the Plan include a description of the Debtor's nature and history or any information regarding its books and records. *See In re Radco Prop., Inc.*, 402 B.R. 666, 682 (Bankr. E.D.N.C. 2009). Therefore, the Plan does not allow an interested party to make an informed judgment about the Plan as required by § 1125(a).

Accordingly, because no disclosure statement was filed, the Court finds the Plan does not provide adequate information within the meaning of § 1125(a). No confirmation hearing will be set at this time pending the filing of the required disclosure statement.

**SO ORDERED.**

**END OF DOCUMENT**